NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0455n.06

No. 12-2504

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*May 07, 2013*
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BERNARD D. BRASSEUR, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| COMMISSIONER OF SOCIAL SECURITY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: MARTIN and SUTTON, Circuit Judges; ADAMS, District Judge.[*]

PER CURIAM. Bernard D. Brasseur appeals a district court judgment affirming the denial of his applications for social security disability insurance benefits and for supplemental security income benefits.

In 2005, Brasseur filed applications for social security disability insurance benefits and for supplemental security income benefits, alleging that he became disabled on October 15, 2003. After his applications were denied initially and on review, Brasseur requested a hearing before an administrative law judge (ALJ). After the hearing, the ALJ determined that Brasseur was not disabled. The Appeals Council declined to review the case. The district court subsequently affirmed the Commissioner's denial of benefits.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Brasseur argues that the ALJ erred in disregarding the residual functional capacity assessments of Dr. Loretta Leja and Dr. Christopher Gunnell. In her October 23, 2007, residual functional capacity assessment, Dr. Leja determined that Brasseur could sit, stand, or walk for only thirty minutes at a time without interruption; that he could only occasionally lift or carry up to five pounds; and that, during an eight-hour workday, he could sit for two hours, stand for two hours, and walk for thirty minutes. Dr. Leja felt that Brasseur could frequently use his hands to engage in work involving simply grasping and fine manipulation. He could occasionally push and pull with both hands. Brasseur was never to bend, twist, squat, kneel, climb stairs, reach above his shoulders, climb ladders, crouch, crawl, and stoop. Finally, Brasseur was to avoid heights, moving machinery, temperature extremes, chemicals, dust, fumes, noise, automobiles, cold weather, vibration, and humidity.

Dr. Gunnell, who completed his assessment on July 23, 2008, reached similar conclusions concerning Brasseur's residual functional capacity. The ALJ found that Brasseur's restrictions from the assessments were not supported by the doctors' own treatment notes or other evidence in the record.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

The medical opinion of a treating physician must be given controlling weight if the opinion is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). The Commissioner must provide "good reasons" for discounting the opinion from a treating source. Further, the reasons must be supported by the evidence in the record and sufficiently specific to make clear the weight given to the opinion and the reasons for that weight. *Id.*

The ALJ gave good reasons for disregarding the assessments made by Dr. Leja and Dr. Gunnell. Brasseur's pulmonary function tests from February 2006 showed that he had a very good response to bronchodilators. During examinations in 2006 and 2007, Dr. Leja reported that Brasseur was not having difficulty breathing and that his breathing sounds were normal. Dr. Leja's records further show that Brasseur had a full range of motion during 2007. Dr. Leja discharged Brasseur and his wife as her patients on October 29, 2007, because of their abuse of their prescribed medications.

On March 12, 2008, Brasseur told Dr. Gunnell that he was not experiencing pain. In addition, the other objective medical evidence in the record fails to establish that Brasseur had any major spinal abnormalities or other debilitating conditions. Given the evidence, the ALJ reasonably concluded that the severe physical restrictions identified by Dr. Leja and Dr. Gunnell were not supported by the record.

The district court's judgment is affirmed.